UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMAD ERAKAT,<br><br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF TREASURY, INTERNAL REVENUE SERVICE, et al.,<br><br>    Defendants. | No. 1:24-cv-00350-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, WITHOUT PREJUDICE, AS PREMATURE AND PROCEDURALLY DEFICIENT<br><br>(ECF No. 6) |

    Plaintiff is proceeding pro se in this action filed pursuant to 42 U.S.C. § 1983.

    Plaintiff filed the instant action on March 25, 2024. On April 2, 2024, the Court ordered Plaintiff to submit an application to proceed in forma pauperis or pay the $405.00 filing fee within forty-five days. (ECF No. 3.)

    On May 28, 2024, Plaintiff filed a motion for summary judgment. (ECF No. 6.) Plaintiff's motion must be denied.

**I.**

**DISCUSSION**

    "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment must include a "Statement of Undisputed Facts." Local Rule 260(a). Furthermore, this Court's local rule requires each motion of summary judgment to include "a 'Statement of Undisputed Facts' that shall enumerate discretely each of

1  the specific material facts relied upon in support of the motion and cite the particular points of
2  any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied
3  upon to establish that fact." To establish the absence of a genuine factual dispute, Plaintiff must
4  cite "to particular parts of materials in the record, including depositions, documents,
5  electronically stored information, affidavits or declarations, stipulations (including those made for
6  purposes of the motion only), admissions, interrogatory answers, or other materials ..." Fed. R.
7  Civ. P. 56(c)(1)(A). See also Local Rule 260(a). Plaintiff's Motion fails to comport with Fed. R.
8  Civ. P. 56(a) and Local Rule 260(a).

   Without ruling on the merits of Plaintiff's motion, Plaintiff's motion is procedurally deficient because it neither contains a statement of undisputed facts, nor cites to any evidence to establish a fact. As a result, Plaintiff's motion is procedurally deficient under Fed. R. Civ. P. 56 and Local Rule 260(a). Further, Plaintiff's motion for summary judgment is premature, as this case cannot proceed in any fashion without the submission of the filing fee or an application to proceed in forma pauperis. Indeed, upon the filing of either the filing fee or in forma pauperis application, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity pursuant to 28 U.S.C. § 1915A(a). Accordingly, Plaintiff's motion for summary judgment is both premature and procedurally deficient and must be denied.

## II.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for summary judgment (ECF No. 6) is DENIED, without prejudice, as procedurally deficient and premature.

IT IS SO ORDERED.

Dated:  **May 30, 2024**                    _____
                                             UNITED STATES MAGISTRATE JUDGE